730 A.2d 309

MAUREEN E. KAMAN, PLAINTIFF–APPELLANT, AND DI-
RECTOR, DIVISION OF TAXATION, INTERVENOR–RESPON-
DENT, v. MONTAGUE TOWNSHIP COMMITTEE, MAYOR
RICHARD DICKSON, DEPUTY MAYOR WILLIAM CAMPANA,
COMMITTEEMEN PATRICK SMITH, PAUL BRISLIN AND LE-
ROY VANDERMARK AND BEN MURDOCK, TAX ASSESSOR,
DEFENDANTS–RESPONDENTS.

Argued October 13, 1998—Decided May 27, 1999.

*John R. Lloyd* argued the cause for appellant (*Rosenblum, Wolf
& Lloyd,* attorneys).

*Patrick DeAlmeida,* Deputy Attorney General, argued the cause
for intervenor-respondent (*Peter Verniero,* Attorney General of
New Jersey, attorney).

*John D. Frederickson* argued the cause for respondents (*Car-
mel & Frederickson,* attorneys).

The opinion of the Court was delivered by

COLEMAN, J.

The issue in this appeal requires us to decide whether a tax
assessor who remains in office for two years after the expiration of
his or her term without the benefit of reappointment can be
terminated at will.

I

This case involves the position of the tax assessor for Montague
Township (Township). After the resignation of a tenured tax
assessor, Edward Nowicki was appointed for a term of four years,
beginning July 1, 1990, and ending June 30, 1994. On February
26, 1991, he resigned, and Lowery MacMillian was appointed to
complete the remainder of that term. MacMillian resigned in

May 1992 leaving slightly more than two years remaining in the term. Plaintiff, Maureen E. Kaman, was appointed on July 28, 1992, as "the new Tax Assessor of Montague Township for the next four (4) years." Although all parties now agree that, under *N.J.S.A.* 40A:9–148, Kaman's appointment could only have been for the unexpired portion of the four-year term ending on June 30, 1994, both Kaman and the Township at that time believed that Kaman was being appointed to a new four-year term, commencing in 1992 and ending in 1996.

Upon Kaman's completion of the unexpired term on June 30, 1994, the Township took no action either to terminate or to reappoint her as tax assessor. For the next two years, Kaman continued to perform all of the duties and obligations of her office and continued to receive her salary. Kaman asserts that the Mayor and Clerk advised her in March 1996 that her appointment as tax assessor had been discussed at a meeting and that she would be formally appointed to another four-year term starting July 1, 1996.

On May 23, 1996, Kaman wrote to the Township Committee expressing her interest in being reappointed. On May 29, 1996, however, the Township Committee notified Kaman by letter that it would be advertising the position and invited her to apply for the position. Apparently, by then, a question had arisen concerning the last day of Kaman's term. She was asked in the May 29 letter to confirm in writing the date her appointment would end. On June 20, 1996, Kaman interviewed for the position.

After investigating the chronology of prior assessors, Kaman concluded that she was in the middle of a four-year term ending June 30, 1998, rather than June 30, 1996, as previously thought. After the municipal attorney conducted a separate investigation, the Township concluded that Kaman had been serving in a hold-over capacity and that the position could be filled at anytime. Shortly thereafter, on June 27, 1996, the Township informed Kaman that it had decided not to reappoint her and that Ben

Murdoch was to be the new municipal tax assessor. Kaman was terminated effective June 30, 1996.

Kaman filed a verified complaint on June 28, 1996, seeking temporary and permanent restraints to prevent her successor from assuming the duties of tax assessor. Kaman had also asserted that her termination was retaliatory and politically motivated, and thus, was contrary to the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –8. The trial court found that Kaman's appointment was controlled by *N.J.S.A.* 40A:9–148, and that based on that statute, she had been appointed to fill an unexpired term that ended on June 30, 1994. The trial court concluded that Kaman had continued in office as a holdover and could be terminated after June 30, 1994. That court found that the Township had a right to decide whether to reappoint a tax assessor after completing an unexpired full term. The trial court dismissed the CEPA claims as well. The Appellate Division affirmed in a published opinion reported at 306 *N.J.Super.* 291, 703 *A.*2d 680 (1997).

We granted Kaman's petition for certification. 156 *N.J.* 383, 718 *A.*2d 1212 (1998). Kaman argues that the Appellate Division erred in permitting the Township to terminate her in the middle of a statutorily prescribed term. She argues that she is entitled to be reinstated as the tax assessor based on *Casamasino v. City of Jersey,* 304 *N.J.Super.* 226, 699 *A.*2d 697 (App.Div.1997).

We affirm the judgment of the Appellate Division for the reasons stated in its opinion and based on our decision in the companion case of *Casamasino v. Jersey City,* 158 *N.J.* 333, 730 *A.*2d 287 (1999).

STEIN, J., dissenting.

In this appeal, as in *Casamasino v. City of Jersey City,* 158 *N.J.* 333, 730 *A.*2d 287 (1999), also decided today, a municipal tax assessor who was not reappointed at the expiration of her statutory term of office and was permitted to serve as a "holdover" assessor for two additional years is removed from office for

political reasons. The Court sustains the removal. As in *Casamasino*, I am convinced that the Court's disposition frustrates the Legislature's clear purpose to insulate municipal tax assessors from politically inspired removals, a purpose evidenced by the fixed, statutory four-year term for assessors that does not authorize holdover status. The Director of the Division of Taxation, in whom the Legislature has reposed the ultimate responsibility for supervising municipal tax assessors, see *N.J.S.A.* 54:1–36 and –37, has intervened in the action to assert his view that plaintiff's midterm removal undermines the carefully crafted legislative scheme designed to safeguard the independence of tax assessors. For the reasons expressed in my dissenting opinion in *Casamasino, supra,* 158 *N.J.* at 333–55, 730 *A.*2d at 290–99, I believe that the appropriate disposition of this appeal is to set aside the municipality's removal of the assessor, reinstate her, and permit her to serve out the balance of her statutory term.

I acknowledge the factual distinction between the two cases. In *Casamasino,* there is no indication that the Mayor and Council were unaware that Casamasino's full four-year term had expired, but they simply elected to take no action to reappoint him. In contrast, the Mayor and Council in *Kaman* mistakenly believed that her term expired in June 1996, rather than June 1994, and thus their inaction was the result of misinformation and was not deliberate. Nevertheless, I am persuaded that the legislative intent is best advanced by construing *N.J.S.A.* 40A:9–148 "to prohibit municipalities from willfully or inadvertently exposing tax assessors to the vulnerability of holdover status." *Casamasino, supra,* 158 *N.J.* at 370, 730 *A.*2d at 308.

POLLOCK, J., joins in this dissent.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, O'HEARN, GARIBALDI and COLEMAN—5.

*For reversal*—Justices POLLOCK and STEIN—2.